UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEANNINE NIXON,

                              Plaintiff,

              v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

**MEMORANDUM AND ORDER**
19-CV-1614 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Jeannine Nixon, proceeding pro se, appeals the denial by Defendant

Commissioner of Social Security (the "Commissioner") of her application for disability

insurance benefits under Title II of the Social Security Act (the "Act").  Defendant moves

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its

entirety as time-barred.

## BACKGROUND[1]

On January 23, 2018, Administrative Law Judge (ALJ) Ifeoma N. Iwuamadi issued a

decision finding that Plaintiff was not disabled within the meaning of the Act.  (Declaration of

Michael Sampson ("Sampson Decl."), ¶ (3)(a), Ex. 1, ECF No. 12-1.)  In the complaint, Plaintiff

stated her disabilities as achalasia, carpal tunnel and chronic high blood pressure.  (Compl. ¶ 4,

ECF No. 1.)  By notice dated January 9, 2019 (the "Notice"), the Appeals Council denied

Plaintiff's request for review of the ALJ's decision.  (Sampson Decl. ¶ (3)(a), Ex. 2; Compl. 7-

---

[1] The following facts are taken from the complaint and the parties' affidavits and exhibits and are assumed to be true for the purpose of this memorandum and order.  *See Torres v. Barnhart,* 417 F.3d 276, 279–80 (2d Cir. 2005) (considering sworn affidavit from plaintiff in conjunction with his opposition to Commissioner's motion to dismiss the complaint as time-barred); *see also Kesoglides v. Comm'r of Soc. Sec.*, No. 113-CV-4724 PKC, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) (same).

11.)  According to Plaintiff, she received the Appeals Council's notice on January 9, 2019.

(Compl. ¶ 8.)

In the Notice, Plaintiff was informed as follows:

> **Time To File a Civil Action**
> • You have 60 days to file a civil action (ask for court review).
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Compl. at 10.[2])

Plaintiff was represented by the same law firm in her initial ALJ hearing and before the Appeals Council.  (Aff. Jeannine Nixon Opp. Def.'s Mot. Dismiss ("Nixon Aff.") ¶ 2, ECF No. 13.)  After Plaintiff's review of the ALJ decision was denied, she was referred to new counsel by her prior law firm, which eventually led her to the firm Simon and Gliman LLP ("Simon").  (*Id.* ¶ 2-3.)  Plaintiff states that Simon gave her "bad legal advice." (*Id.* ¶ 3.)  At their first meeting, Simon told her she had two months to file an appeal.  (*Id.*)  Simon told Plaintiff "to go to the place where El Chapo was on trial to retrieve the transcript of the proceeding before the ALJ . . . [and] bring him the transcript before he would make a decision about whether to represent [Plaintiff]." (*Id.*)  According to Plaintiff, it took her "a long time to even locate the courthouse based on Simon's description." (*Id.* ¶ 4.)  After she had retrieved the transcript, she brought it to Simon, who told her she "was running at [sic] of time . . . [and] for the first time, that [she] had to file the complaint [herself]." (*Id.* ¶ 6.)  This conversation occurred approximately two weeks

---

[2] Pagination refers to the page number assigned by ECF.

before she filed her complaint pro se.  (*Id.* ¶ 7.)  Plaintiff filed this action on March 19, 2019.  (*See* Compl.)

## STANDARD OF REVIEW

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Gelber v. Stryker Corp.,* 788 F.Supp.2d 145, 153 (S.D.N.Y.2011) (citing *Ghartey v. St. John's Queens Hosp.,* 869 F .2d 160, 162 (2d Cir. 1989)).  Where, as here, the Commissioner challenges a complaint as untimely, the Commissioner's motion to dismiss is appropriately asserted pursuant to Rule 12(b)(6), because the statute of limitations is "not jurisdictional." *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *1 (E.D.N.Y. June 12, 2014) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

### I.  Timeliness

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Filing a civil action within sixty days as required by the Act is the exclusive remedy to appeal a "final decision" of the Commissioner.  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").  The sixty days runs from the time that a plaintiff receives notice of the Appeals Council's decision or the Appeal Council's Notice of denial of request for review of the ALJ's decision.  *See* 20 C.F.R. §§ 404.981, 416.148, 422.210(c).  The notice is presumed to be received five days after it is dated unless the claimant makes a reasonable showing to the contrary to the Appeals Council.  *See* 20 C.F .R. §§ 404.901, 416.1401, 422.210(c);  *Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390, 391 (2d Cir. 2011) (summary order); *Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984).

Here, Plaintiff stated in the complaint that she received the Notice on January 9, 2019—the same day that the Notice is dated.  (Compl. ¶ 8; *Id.* at 10.)  However, the Court presumes that she actually received the Notice five days later, on January 14, 2019, in accordance with the Commissioner's regulations.  *See Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390, 391 (2d Cir. 2011) (summary order) (stating that actual notice is "presumed to be 5 days after the date of such notice").  Plaintiff was thus required to file this action by March 15, 2019, or sixty days from receipt of the Notice.  The complaint was filed on March 19, 2019—four days late.

The sixty-day statute of limitations "is a condition on the waiver of [the United States'] sovereign immunity," and thus, it "must be strictly construed."  *City of New York*, 476 U.S. at 479.  Accordingly, absent circumstances necessitating equitable tolling, courts in this circuit have found that a complaint filed even one or two days late must be dismissed as untimely.  *See, e.g., Davila v. Barnhart,* 225 F.Supp.2d 337, 340 (S.D.N.Y.2002) (one day late);  *Burkett v. Apfel*, 97-CV-4019, 1998 WL 846753, at *1 (S.D.N.Y. Dec. 4, 1998) (one day late);  *Smith v. Comm'r of Soc. Sec.,* 08-CV-1547, 2010 WL 5441669, at *1-3 (E.D.N.Y. Dec. 23, 2010) (four days late);  *Pressley v. Astrue,* 12-CV-8461, 2013 WL 3974094, at *5 (S.D.N.Y. Aug.2, 2013) (five days late);  *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *1-3 (E.D.N.Y. June 12, 2014) (eight days late).  Here, dismissal is warranted due to untimely filing because Plaintiff commenced this proceeding four days after the 60-day period concluded.

## II.  Equitable Tolling

Plaintiff requests that the "complaint in this matter be found timely based on doctrine of equitable tolling."  (Nixon Aff. ¶ 1.)  The doctrine of equitable tolling may excuse a plaintiff's failure to file her complaint within sixty days of receiving the Commissioner's final decision.  *City of New York*, 476 U.S. at 480 (finding the "application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional

5

purpose and is nowhere eschewed by Congress" (internal quotation marks omitted)).  In the context of social security appeals, equitable tolling is "not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area." *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (quoting *Bowen*, 476 U.S. at 480).  Nonetheless, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).  Under the two-pronged test for determining whether equitable tolling applies, a plaintiff must show: (1) "[s]he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in [her] way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 1814 (2005)).  There must be "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Plaintiff states that she received "bad legal advice."  (*Id.* ¶ 3.)  *First,* Simon gave her vague or misleading advice regarding the deadline for filing her appeal.  (Nixon Aff. ¶ 3.)  At their first meeting—the date of which is unknown to the Court—Simon told her she had two months to file an appeal, which could have been an inaccurate or misleading statement depending on when the meeting was held.  (*See id.*)  Furthermore, once she had retrieved the ALJ transcript as directed by Simon, Simon told her she "was running out of time to file," without providing specific details of timing.  (*See id.* ¶ 6.)  *Second,* Plaintiff could not locate the Eastern District of New York courthouse to retrieve the paperwork required by Simon to consider her case because he only described the courthouse as "the place where El Chapo was on trial."  (*Id.* ¶¶ 3-4.)  *Third,* the lawyer only advised her on approximately March 5, 2019 ("two

weeks before [she] filed [her] complaint pro se") that she "had to file the complaint herself."  (*Id.* ¶¶ 6-7.)

Certainly, courts in the Second Circuit have granted equitable tolling "where an attorney's misconduct has been sufficiently egregious," as to constitute extraordinary circumstance.  *Guzman v. Comm'r of Soc. Sec.*, No. 18-CV-10232, 2019 WL 3346408, at *3 (S.D.N.Y. Apr. 29, 2019) (collecting cases)*, report and recommendation adopted sub nom. Guzman v. Berryhill*, No. 18-CV-10232, 2019 WL 3337969 (S.D.N.Y. July 25, 2019). However, even construing Plaintiff's complaint and her affirmation liberally—as the Court is required to do for a pro se plaintiff—Plaintiff has failed to meet her burden.

*First,* Plaintiff was not diligently pursuing her rights.  By Plaintiff's own account it took her "a long time" to locate the courthouse, even though one call to the social security disability office cleared up any confusion created by Simon regarding the location of the courthouse. (Nixon Aff. ¶ 4.)  And on approximately March 5, 2015, ten days before Plaintiff's appeal was due, Simon told Plaintiff that she was "running out of time" and she "had to file the complaint [herself]."  (*Id.* ¶¶ 6-7.)  Plaintiff was thus on notice that she was coming up against the statute of limitations, and had to file the complaint or write the Appeals Council to request an extension of her time to file.  (*See* Compl. at 10.)  She failed to timely do either.  (Sampson Decl. ¶ 3(b).)  On that basis alone, Plaintiff is not entitled to equitable tolling of the statute of limitations.  *Cf. Torres*, 417 F.3d at 279 (commenting that "it is hard to imagine a more diligent *pro se* litigant" where plaintiff within days sought the necessary paperwork from the district court and was prepared to timely file his appeal before consulting with an attorney).

*Second,* even if Plaintiff had been diligently pursuing her rights, the "bad legal advice" she complains of does not constitute an extraordinary circumstance.  To start, Plaintiff

understood that Simon did not agree to represent her until he received the transcript of her ALJ proceeding.  (Nixon Aff. ¶ 3.)  Nor was the "bad legal advice" she proffered the sort of extraordinary circumstances that can support a finding of equitable tolling.  For example, in *Torres v. Barnhart*, the Second Circuit considered a case in which a plaintiff believed he had hired an attorney to represent him in the appeal of an unfavorable final decision by the Social Security Administration.  417 F.3d at 279.  Within days of receiving the notice from the Appeals Council, the plaintiff had obtained the necessary paperwork for his district court filing, filled it out, and, to make sure he was not making any mistakes, sought an attorney's assistance.  *Id* at 278.  The plaintiff signed appointment, release, and fee forms, which specifically provided for payment if the claim was awarded by federal court.  *Id* at 278.  The plaintiff also provided the attorney a copy of the letter from the Appeals Council and the envelope it came in, as requested by the attorney.  *Id.*  Once the deadline to file an appeal passed, the attorney claimed to only be representing the plaintiff in his new disability claim before the Social Security Administration, and not in his appeal in federal court.  *Id* at 278.  The *Torres* court found that the plaintiff—who was on the verge of timely filing his own pro se complaint—"reasonably believe[d] that an attorney, fully cognizant of the time constraints, has agreed to assist him in filing, only to learn later that the attorney has done nothing at all."  *Id.* at 280.  This is simply not the case here, and thus equitable tolling does not apply.  *See Borrero v. Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *5 (S.D.N.Y. Mar. 19, 2015) (finding equitable tolling not justified where plaintiff filed his complaint 9 days late, but was not represented by an attorney nor had relied on an attorney's "affirmative (mis)advice").

The Court can find no other basis to grant Plaintiff's request for equitable tolling here. Putting aside Plaintiff's characterization of her communications with Simon as "bad legal

advice," a pro se plaintiff is not entitled to equitable tolling relief if her late filing is the result of a misunderstanding of the filing deadline, even if that misunderstanding is based on bad information from a third party.  *See Randolph v. Comm'r of Soc. Sec.*, 699 F. App'x 36, 37 (2d Cir. 2017) (summary order) (affirming dismissal where plaintiff argued she was "entitled to equitable tolling because she had misunderstood the relevant filing deadline and a Social Security Administration receptionist had told her that she had more time to file"); *see also Roberts v. Comm'r of Soc. Sec.*, No. 15-CV-6216, 2016 WL 303896, at *2 (S.D.N.Y. Jan. 26, 2016) (declining to find equitable tolling where a pro se plaintiff filed her SSA appeal late because "she thought the 60 day deadline meant business days").  And Plaintiff's stated disabilities— achalasia,[3] carpal tunnel and chronic high blood pressure—would have no bearing on her comprehending filing deadlines.  *Cf. Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) ("[E]quitable tolling of the 60–day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment.").  While it is regrettable that Plaintiff missed her filing deadline by a few days, nothing in the record warrants a finding that the statute of limitations should be equitably tolled.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


SO ORDERED.

Dated: Brooklyn, New York             /s/ LDH
       August 28, 2020             LASHANN DEARCY HALL
                  United States District Judge

---

[3] Achalasia is a rare disorder that makes it difficult for food and liquid to pass into your stomach, and occurs when nerves in the esophagus become damaged.  *See Achalasia,* Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/achalasia/symptoms-causes/syc-20352850 (last visited August 6, 2020).